IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN GEORGE,

        Plaintiff,

        v.

CHRISTINA D. GORDON, et al.,

        Defendants.

        Case No. 2:22-cv-1981
        Judge Edmund A. Sargus, Jr.
        Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION AND ORDER

This matter is before the Court on the April 26, 2022 Order to Show Cause.  (Doc. 2).  For the reasons that follow, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) is **GRANTED** and the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 1-1) be **DISMISSED** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41 and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

## I.    BACKGROUND

Plaintiff filed the instant action on April 19, 2022, along with a Motion for Leave to Proceed *in forma pauperis*.  (Doc. 1).  The allegations in Plaintiff's complaint appear to concern fraud and identity theft.  (Doc. 1-1 at 3).  Yet, Plaintiff failed to indicate, or even suggest, his suit's basis for federal jurisdiction.  (*See id.*).  Nor did he make any specific factual allegations related to the purported claims and Defendants.  (*See id.*).  Plaintiff also submitted summons forms for a Defendant not listed in his Complaint, but not for the Complaint's named Defendant, Christina D. Gordon.  (Doc. 1-3).

Accordingly, on April 26, 2022, the Court issued an Order to Show Cause.  (Doc. 2).  The Order informed Plaintiff about the Court's obligation to dismiss an action proceeding *in forma*

*pauperis* when the action "is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." (*Id.* at 1) (citing 28 U.S.C. § 1915(e)(2)).  The Court noted that Plaintiff's Complaint failed to demonstrate a cognizable claim for relief and ordered Plaintiff to make a showing which included "a more specific basis for federal jurisdiction and more specific allegations against the Defendants." (*Id.*). It also instructed Plaintiff to cure the issue with the summons forms. (*Id.* at 2).  He was given until May 9, 2022 to comply with both aspects of the Order. (*Id.* at 1–2).

Yet, to date, Plaintiff has failed to submit a revised Complaint or summons forms, and has not otherwise responded to the Order to Show Cause.

## II.    DISCUSSION

There are two bases on which the Undersigned recommends dismissal.  First, Plaintiff has failed to prosecute this action pursuant to Rule 41.  And second, Plaintiff has failed to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

### A.  Rule 41

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

On balance, the factors set forth in *Schafer* support dismissal. First, despite being afforded over a month to respond to the Court's Order to Show Cause, Plaintiff has failed to do so. And because the Order to Show Cause centered on material necessary for the proper initiation of his case, he has brought the case to an effective halt. Clearly, Plaintiff has "a reckless disregard for the effect of [his] conduct on [the Court's] proceedings[,]" and thus acted with willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

While no Defendant has been served—so there is little risk of prejudice—the remaining factors also weigh in favor of dismissal. As described above, the Order to Show Cause made clear that, without a further showing of jurisdiction and factual allegations from Plaintiff, the Complaint did not state a cognizable claim for relief and would have to be dismissed. Further, the Undersigned considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings. *Grange Mut. Cas. Co. v, Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

3

In view of the foregoing, the Undersigned concludes Plaintiff has abandoned this action. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket [and] the interest in expeditious resolution of litigation . . ." outweigh allowing this case to linger.  *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

### B.  28 U.S.C. 1915(e)(2)

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, to "lower judicial access barriers to the indigent[.]"  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e) of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> . . .
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; . . .

28 U.S.C. § 1915(e)(2)(B)(i)–(ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a), a complaint must contain a "short and plain statement" of both "the grounds for the court's

4

jurisdiction," and "the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(1)–(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

First, the Court notes that Plaintiff made no substantive attempt to assert the grounds for federal jurisdiction.  Rather, in his Complaint, Plaintiff indicated that the jurisdictional basis for his suit was "Other federal status giving the court subject matter jurisdiction[,]" without providing any related statute or attempting to explain the purported basis for jurisdiction.  (Doc. 1-1 at 2).

5

Second, Plaintiff failed to plead sufficient factual matter to state a claim that is plausible on its face.  The entirety of Plaintiff's statement of claim is a list of alleged misconduct: "Total identify theift [sic], fraud, stolen property, stolen social security account, credit destruction, 4 fraudlent [sic], forged preditory [sic] loans forgery." (*Id.* at 3).  Plaintiff brings his claim against Christina D. Gordon, "her parents, brother, daughter[,]" and "her entire network of scammers[.]" (*Id.* at 2).  Ultimately, however, the Court cannot draw the reasonable inference that any of these Defendants are liable for the misconduct alleged, because Plaintiff makes no factual assertions about any Defendant's conduct.  *See Iqbal*, 556 U.S. at 678.  Even affording Plaintiff the leniency due to *pro se* complainants, the Court can do no more than guess at the nature of the claim asserted.  *See Frengler*, 482 F. App'x at 976–77.  His Complaint, therefore, does not state a claim upon which relief can be granted.

III.  **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) is **GRANTED** and the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 1-1) be **DISMISSED** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41 and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

**<u>Procedure on Objections</u>**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made.  Upon proper objection, a District Judge of this Court may accept, reject, or

modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: June 6, 2022                                   /s/ Kimberly A. Jolson
                                                    KIMBERLY A. JOLSON
                                                    UNITED STATES MAGISTRATE JUDGE